THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:11-cr-00107-MR-WCM-2

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| **JAMES DOUGLAS KEITH,** | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendant's letter, which the Court construes as a motion for compassionate release [Doc. 104].

**I.    BACKGROUND**

In February 2012, the Defendant James Douglas Keith pled guilty to one count of possession with intent to distribute methamphetamine. [Doc. 31]. On March 20, 2013, the Court imposed a sentence of 188 months' imprisonment. [Doc. 55]. The Defendant is currently incarcerated at FCI Petersburg Medium, and his projected release date is December 27, 2022.[1]

On January 25, 2021, the Court received a letter from the Defendant in which he requests a compassionate release pursuant to 18 U.S.C. §

---

[1] See https://www.bop.gov/inmateloc/ (last visited Feb. 8, 2021).

3582(c)(1)(A)(i), in light of the ongoing COVID-19 pandemic and his increased susceptibility to the virus in light of various health conditions. [Doc. 31]. The Defendant also cites his mother's health as grounds for granting a compassionate release. [Id.]. In his motion, the Defendant states that he submitted a compassionate release request "with [his] unit about three months [ago]. No reply." [Id. at 1].

**II. DISCUSSION**

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The Court of Appeals for the Fourth Circuit has held that a district court lacks the authority to modify a sentence except in the narrow circumstances and procedures set forth in § 3582. See United States v.

Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010).[2]  The Defendant has the burden of demonstrating that he has complied with the requirements of § 3582 or that exhaustion of such remedies would be futile.  See United States v. Freshour, No. 5:06-cr-00013-KDB-DCK, No. 2020 WL 3578315, at *1 (W.D.N.C. July 1, 2020) (Bell, J.).

Here, the Defendant contends that he submitted a compassionate release request to his "unit" about three months ago but did not receive a response.  The Defendant, however, offers no documentation to support this assertion. Further, the Defendant makes no attempt to show that he submitted a request to the warden of his facility.  The language of Section 3582(c)(1)(A) is clear: Before a defendant may seek a modification of his sentence in the courts, the defendant must first exhaust all administrative remedies or wait thirty days after submitting a request for release from the warden without receiving any response before filing a motion for a sentence

---

[2] The Fourth Circuit has not yet ruled on whether the exhaustion requirements in § 3582(c)(1)(A) are jurisdictional or merely a claims-processing rule.  This Court, however, need not decide that issue in order to resolve the present motion.  Either way, the Defendant must exhaust his administrative remedies as defined in § 3582(c)(1)(A) before filing a motion for compassionate release in this Court.  See Ross v. Blake, 136 S. Ct. 1850, 1857 (2016) (finding that "mandatory exhaustion statutes . . . establish mandatory exhaustion regimes, foreclosing judicial discretion"); United States v. Williams, No. CR JKB-15-0646, 2020 WL 1506222, at *1 (D. Md. Mar. 30, 2020) (denying motion for reduction of sentence because defendant failed to exhaust his administrative remedies, but declining to decide whether exhaustion requirement is jurisdictional).

reduction. Thus, the Defendant has not complied with the requirements of the statute, and the Court cannot grant the requested relief. Accordingly, the Defendant's motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) is denied without prejudice.

**IT IS, THEREFORE, ORDERED** that the Defendant's letter, which the Court construes as a motion for compassionate release [Doc. 104], is **DENIED**. The denial of the Defendant's request for compassionate release is **WITHOUT PREJUDICE** to refiling after the Defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the Defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the Defendant's facility, whichever is earlier.

**IT IS SO ORDERED.**

Signed: February 9, 2021

Martin Reidinger
Chief United States District Judge